EMPIRE CITY AMUSEMENT CO. v. WILTON.

(Circuit Court, D. Massachusetts. April 4, 1903.)

No. 1,685.

1. COPYRIGHTS—INFRINGEMENT—BILL—MULTIFARIOUSNESS.
    Where it was convenient for the court that two causes of action for infringement of copyright, one with reference to certain cartoons and the other with reference to a play based thereon, should be joined in the same bill, it was within the discretion of the court to permit such joinder.

2. SAME—DEMURRER.
    Where it was admitted that a bill to enjoin infringement of certain copyrights stated a cause of action arising from the alleged infringement of two dramatic compositions, and a demurrer failed to point out specifically what sentences or paragraphs of the bill were demurred to, it could not be sustained.

3. SAME—COPYRIGHT—CARTOONS.
    Where certain cartoons were copyrighted, and later formed the basis of a farce comedy, it will not be held that there was no dramatic right in such cartoons which could be made the subject of copyright, on demurrer to a bill for alleged infringement thereof.

4. SAME—DEMURRER—DEFECT OF PARTIES.
    Where a bill is filed to enjoin the infringement of copyright claimed by plaintiff in two dramatic compositions, the right to the use of which plaintiff acquired through assignments from the different owners of such plays, a demurrer to the bill for want of proper parties plaintiff, on the ground that the assignor of one of the plays should have been made a party, cannot be sustained, where defendant has not pointed out specifically the parts of the bill objected to; and the demurrer cannot be sustained for want of parties as to the whole bill.

In Equity.

Edwin J. Prindle, for plaintiff.
Southgate & Southgate, for defendant.

LOWELL, District Judge. The bill in this case alleges that Block and Opper invented and designed certain cartoons, which were published in the New York Journal and elsewhere under the title of "Alphonse and Gaston"; that the copyright in these pictures was duly taken out by Hearst under an agreement with Block and Opper; that Hearst duly assigned to Block and Opper the sole and exclusive right for theatrical purposes, and the dramatic rights arising from the title and cartoons;

that Block and Opper conveyed these rights to the Lester Company; that thereafter the Lester Company duly secured as proprietor the copyright of a dramatic composition entitled "Alphonse and Gaston, a Comedy in Three Acts, Based upon the New York Journal Cartoons of the Same Name" (the author of the play is not mentioned); that the Lester Company duly assigned to the complainant the entire right, title, and interest east of the Mississippi in and to the dramatic rights in the title "Alphonse and Gaston," and in the cartoons and in the copyrighted dramatic compositions above mentioned. The bill further alleges that the complainant is, by assignment from the original owner of the copyright, the owner of another play, written by one Dumont, entitled "Alphonse and Gaston, a Farce Comedy in Three Acts." The bill then alleges infringement of the complainant's rights by the representation of a play entitled "Looping the Loop," which play is alleged to introduce characters named after those represented in the cartoons above mentioned, and incidents similar to those represented in the cartoons; that these dramatic representations are unfair and misleading to the public; that the complainant has advertised its play by posters and otherwise; and that the defendant has advertised his piratical play in a similar manner.

The defendant has demurred:

(1) Because the bill is multifarious. He contends that the complainant cannot join in one action a suit based upon the Hearst cartoons and upon the Dumont play. Considering the connection of the two, I think it is within the discretion of the court to permit these two matters of complaint to be joined in one action. That it is convenient for the court that they be joined I have no doubt.

(2) That, except as to the two dramatic compositions, there is no equity in the bill. It being admitted that the bill states a cause of action arising from these compositions, I do not perceive how the demurrer can be sustained, as it does not point out specifically what sentences or paragraphs of the bill are thus demurred to. The defendant's remedy is rather by motion to strike out than by demurrer. Even if this formal objection to the sufficiency of the demurrer were removed, I still think that the court cannot here decide upon demurrer that there is no dramatic right, so called, in a series of cartoons. The Supreme Court has lately shown a tendency to widen, rather than to narrow, the scope of the copyright act (Act July 8, 1870, c. 230, 16 Stat. 212 [U. S. Comp. St. 1901, p. 3405]). Bleistein v. Donaldson Lith. Co., 188 U. S. 239, 23 Sup. Ct. 298, 47 L. Ed. 460.

(3 and 4.) The defendant demurs for want of proper parties, on the ground that Hearst is not made a party to the bill. The licensee under a patent cannot sue alone in his own name, and every partial assignee of patent rights, who does not take an undivided part of the whole patent or a territorial share of the whole patent (or, perhaps, an undivided part of a territorial share), is deemed a mere licensee. Rev. St. § 4898 [U. S. Comp. St. 1901, p 3387]; Gayler v. Wilder, 10 How. 477, 494, 13 L. Ed. 504. Section 4954 [U. S. Comp. St. 1901, p. 3407], which deals with the assignment of copyright, is similar to section 4898, and by analogy it seems that an assignee of "the exclusive right to dramatize" is a mere licensee, and so cannot sue in his own name. See Black v.

Allan Co., 42 Fed. 618, 621, 9 L. R. A. 433; Keene v. Wheatley, Fed. Cas. No. 7,644 at p. 186. In Roberts v. Myers, Fed. Cas. No. 11,906, the court held that the assignee of the exclusive right to act and represent a copyrighted dramatic composition for one year could sue in his own name. That case is not precisely analogous to this. Inasmuch as the demurrer for want of parties cannot be sustained as to the whole bill, and as the defendant has not pointed out specifically the parts of the bill objected to, the demurrer must be overruled as to the third and fourth grounds stated.

(5) Because the character of the Block and Opper cartoons is such that no dramatic right concerning them can exist. This objection has been dealt with under the second head.

(6) The sixth ground of demurrer has been removed by amendment. Demurrer overruled. Defendant to answer on or before May rules.

NOTE. Bill in each case dismissed, without prejudice and without costs, pursuant to agreement of counsel, December 22, 1904.